70 313
171s 255

## Washington Ice Co. v. Frank E. Bradley, Adm'r, etc.

1. Verdicts—*Upon Conflicting Evidence.*—Under the law it is the province of a jury to determine questions of fact upon conflicting evidence, and there being positive evidence tending to support the allegations of the declaration in this case, the verdict must stand.

2. Instructions—*As to Issues not Raised by the Pleadings nor Following from the Evidence.*—The trial court refused to charge the jury, " that if you believe from the evidence that the defendant's ice wagon did not run over the deceased, you will find the defendant not guilty * * * ." *Held*, that the instruction was properly refused, as it presented to the jury an issue not raised by the pleadings, and not necessarily following from the evidence.

3. Evidence—*Admission of, in Rebuttal Rests in the Discretion of the Trial Judge.*—The admission of evidence in rebuttal is always a matter resting in the discretion of the trial judge, and is not subject to review except in cases of gross abuse.

**Trespass on the Case.**—Death from negligent act. Appeal from the Circuit Court of Cook County; the Hon. Abner Smith, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed June 14, 1897.

### Statement of the Case.

This was an action brought by appellee as administrator of the estate of Mary Moriarity, deceased, to recover damages resulting from the death of said deceased, caused, it

was alleged, by injuries received from one of the appellant's ice wagons in the month of November, 1893.

On November 11, 1893, the servants of the ice company delivering ice in the neighborhood of Cottage Grove avenue and 32d street, in the city of Chicago, left the team headed north in front of No. 3210 Cottage Grove avenue and carried ice into a saloon at that number, leaving the horses unhitched. There was a city ordinance then in force prohibiting the leaving of horses attached to wagons in any street of the city "without securely fastening" such horses. The ordinance did not undertake to define the meaning of the words used, or say what should constitute a secure fastening. Another section, however, provided that the owners of each building in front of which there should be any sidewalk should provide and securely fasten in the sidewalk an iron ring of a specified diameter and thickness, or erect a suitable post for hitching, in every twenty-five feet of such sidewalk.

There were no iron rings or posts in the sidewalk at or near the point where the team was left, or between it and the corner. On leaving the wagon, there being no rings or hitching posts in sight, the driver and his helper hooked up the lines to two rings in the back of the wagon so as to keep the horses from going ahead. When lines are hooked up in this way the horses can pull the wagon only by the reins. This was the customary way of hooking them up and was the only means provided by the ice company for "securely fastening" the horses. During the few minutes while the men were delivering the ice at number 3210, the horses started up and went north on Cottage Grove avenue, turning west at the corner on 32d street. The deceased had crossed 32d street and was about to step onto the sidewalk at the corner, when, as is claimed by appellee but denied by appellant, she was struck by the team and injured. She died the same day. She was between forty-four and forty-five years of age, and left a husband, but no children, surviving her.

ULLMANN & HACKER, attorneys for appellant.

WM. ELMORE FOSTER, attorney for appellee.

The admission or exclusion of evidence not strictly in rebuttal is a matter resting in the discretion of the trial court, the exercise of which discretion is not subject to review except in cases of gross abuse.

Thompson on Trials, Sec 346, p. 309, citing among others : Farmers' M. F. Ins. Co. v. Bair, 87 Pa. St. 124; Marshall v. Davies, 78 N. Y. 414; Huntsman v. Nichols, 116 Mass. 521; Dozier v. Jerman, 30 Mo. 216; Walker v. Walker, 14 Ga. 242.

The general rule is that, after the evidence of the defendant is closed, the plaintiff will be confined to rebutting evidence and will not be allowed to produce original or direct evidence on his part; but the rule is not inflexible and the court may, in its discretion, allow or refuse to receive such evidence.   McGowan v. C. & N. W. Ry. Co., 64 N. W. Rep. 893; Abbott's Trial Brief, 42; Thomp. Trials, Secs. 346, 348; Winchell v. Winchell, 100 N. Y. 159; Ankersmit v. Tuch, 114 N. Y. 54.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

In an action brought by the administrator of the estate of the deceased woman, to recover damages for her death, a verdict and judgment for $5,000 was recovered.

Upon this appeal no question is made as to the damages being excessive.   The only errors that are argued, are that the verdict was against the weight of the evidence; that a certain instruction asked by appellant was refused, and that rebuttal evidence was allowed as to marks upon the body of the deceased.

We can not, with due regard to the law that it is the province of a jury to determine questions of fact upon conflicting evidence, yield to the plausible argument of appellant's counsel that the woman's death was due to natural causes, and not to the application of force, as charged in the declaration.   We might conjecture that her death was the result of some sudden attack with which appellant had nothing to do, but it would be mere surmise, and there being

positive evidence tending to support the action as alleged, we should not interfere with the verdict. The circumstance that the witnesses for appellee varied in their versions of the occurrence tends to corroborate their truthfulness, rather than to discredit them.

It is common observation that eye witnesses to the whole or a part of an incident that occurs unexpectedly and is in a considerable degree horrifying in its nature, testify to or otherwise relate what they saw, at considerable variance with one another. And yet it has never been held that because they did so, they were unreliable or partial persons.

The second argued error is, that the court refused to charge the jury, " that if they believe from the evidence that the defendant's ice wagon did not run over the deceased, they will find the defendant not guilty, and in this connection they are also instructed that the burden of proof is upon the plaintiff to show by a preponderance of evidence that her death was the result of injuries caused by her being run over by the defendant's wagon."

The instruction was properly refused. It presented to the jury an issue not raised by the pleadings, and not necessarily following from the evidence.

There does not appear to have been, either in the original or amended declaration, any count that the wagon ran over the deceased.

The first one of the two original counts, abstracted by appellee charged that: " The said horses, hauling the said wagon, as aforesaid * * * struck with great force and violence * * * upon and against the said Mary Moriarity," etc.

And the second charged that: " Said horses, attached to said wagon * * * struck upon and against the said Mary Moriarity," etc.

The amended declaration, as abstracted by appellant, charged that: " The horses * * * started up, and said wagon struck upon and against the said Mary Moriarity," etc.

But such do not amount to a charge that she was run over by the wagon.

There was evidence tending to show that the deceased was first struck by the horses, and that while in a stooping position from such collision, she was struck by a portion of the front wheel of the wagon, and knocked down and run over.

The counts of the declaration not alleging that the wagon ran over the deceased, it was not necessary to a recovery to prove that it did, nor was it necessary that the jury should look only to the evidence that it did do so, in order to determine whether the appellant was guilty as charged in the declaration.

It was enough if the jury believed, from all the evidence, that the woman's death was the result of being struck by either the horses or the wagon. One of appellant's witnesses testified that when he first looked, after hearing her scream, her leg was in a hole in the pavement between the team and the sidewalk, about midway between the front and hind wheel of the wagon, and that the wagon did not run over her. The clear inference from that testimony is that before the witness saw the woman the horses and front part of the wagon had passed her, and it was left to the jury, if they so believed, from all the evidence, including the appearance of the dead woman's body, to find that she had been struck by either the horses or the front wheel, and not run over by the wagon. They were at liberty to find from a part of the evidence that the deceased was struck by either the horses or the wagon, and from other evidence that she was not run over, and that her death was occasioned as charged.

The third and last argued error is the admission of evidence in rebuttal that was properly a part of the main case. The admission of evidence in rebuttal is always a matter resting in the discretion of the trial judge, and is not subject to review except in cases of gross abuse. Thompson on Trials, Sec. 346; McGowan v. C. & N. W. Ry. Co., 91 Wis. 147. The judgment will be affirmed.